UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

Hon. Hugh B. Scott

10CR238A

**Order**

JOSE R. CACERES,

            Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 2). The instant matter before the Court is defendant's motion to suppress evidence (Docket No. 20)[1].

The Government has filed responding papers (Docket No. 27, Gov't Response (with exhibits), dated June 30, 2011; see also Docket No. 26, Government Response (without exhibits), dated June 20, 2011). The Court ordered the Government to produce in camera the notes and records of the Jamestown City Court Judge that issued the search warrant at issue here (Docket No. 28) and the Government produced those records on August 17, 2011. The Court reserved decision and deemed the motion submitted as of August 17, 2011, the date of the Government's in camera submission.

---

[1] Previously, defendant moved for various discovery relief, Docket No. 12, which was granted in part, denied in part, Docket No. 16.

**BACKGROUND**

Defendant is charged with manufacture of marijuana, in violation of 21 U.S.C. §§ 841(a), (b)(1)(D), separate counts for possession of marijuana and cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), 844(a). He is also charged with using premises in Jamestown, New York, for the purpose of manufacturing and distributing marijuana, in violation of 21 U.S.C. § 856(a)(1). Defendant is also charged with possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1). (Docket No. 1, Indict.)

On March 11, 2010, Judge John LaMancuso[2] of Jamestown City Court issued a search warrant for the upper apartment of 96 Water Street, Jamestown (Docket No. 20, Def. Atty. Affirm. at 4 & n.3, Exs. B, C). Later that day, officers from the Southern Tier Regional Drug Task Force executed a search warrant on the upper apartment of 96 Water Street, Jamestown, New York, defendant's residence. There, the officers recovered marijuana plants, plastic bags containing a substance later determined to be cocaine base, plastic baggies containing marijuana, a .22 caliber derringer with five rounds of ammunition, a grinder and digital scale. (Docket No. 13, Gov't Response at 1-2.)

*Motion to Suppress*

Defendant now moves to suppress the search warrant issued by the Jamestown City Court to the Southern Tier Regional Drug Task Force and suppress all evidence flowing from that

---

[2]It is not clear from the signature on the search warrant, see Docket No. 27, Ex. 2, which Jamestown City Court Judge issued it. According to the transcript of the proceeding leading to the issuance of the warrant (reviewed in camera), City Judge George Panebianco presided.
The Government refers to Judge LaMancuso as the issuing magistrate.

warrant (Docket No. 20, Def. Atty. Affirm. at 1). He also seeks a suppression hearing (id. at 1-2). Defendant asserts his interest in the property searched for standing purposes (id., Ex. A, Def. Aff.).

Defendant argues that a confidential informant was the only source of incriminating information to justify the warrant, without any investigation to corroborate the informant's information (id. at 5). There was no indication that contraband was purchased, sold, or used, or field tested (id.). He concludes that the totality of the circumstances did not support a finding of probable cause to issue a search warrant for the 96 Water Street upper apartment (id. at 6). No description of Jose R. Caceres was offered, there was no summary of the interior of the apartment, or any indication of how the informant came about this information or the informant's reliability (id. at 6-7). Since there was no indication as to when the informant came about his or her information, defendant argues that it is potentially stale and not sufficient basis for a search warrant (id. at 7-8).

The Government responds, first, that the search warrant was supported by probable cause, here based on the personal knowledge of the affiant police officer, Detective Daniel Johnson, and the oral testimony of Johnson and the confidential informant before the city court judge (Docket No. 27, Gov't Response at 4, Ex. 1). The Government initially conceded that it did not have a copy of the transcript of the in camera presentation before Judge LaMancuso (id. at 4), but concluded that, since defendant did not have such a transcript either, the defense conclusions about the misinformation and staleness of the warrant are baseless (id. at 4-5). The Government appears to have either notes or audio recordings of the testimony of the police officer applicant and the confidential informant before Judge LaMancuso available for in camera review (id. at 5).

3

Alternatively, the Government argues that, if the warrant was not supported by probable cause, the officers executing it acted in good faith, see United States v. Leon, 468 U.S. 897 (1984) (id. at 5-8).

*In Camera Inspection of Warrant Application*

After compiling with this Court's Order (Docket No. 28) to produce for in camera inspection, the application for the search warrant, that warrant was based upon the personal knowledge of applicant Detective Dan Johnson and information obtained from a confidential informant who testified before the City Court Judge (see Docket No. 27, Gov't Response at 2. Ex. 1; see also Docket No. 20, Def. Ex. B). Detective Johnson testified that an informant had given Johnson specific information about a large marijuana growing operation at defendant's residence, giving details about the height of the plants, the power supply, and irrigation. Detective Johnson also stated that he believed that this marijuana operation was part of defendant's son's operation and that the son had a pending prosecution in state court. Detective Johnson stated that the informant had come forward voluntarily and that Johnson had not been in defendant's residence prior to executing the warrant while the informant had been inside defendant's residence and saw the grow room within the past two weeks prior to applying for the warrant.

The judge then heard testimony from the informant. The informant knew who lived in the upper apartment, the defendant, and he observed defendant's son's plants growing there. The informant was in defendant's apartment about two weeks prior and saw 65-70 marijuana plants growing there, at about five-foot height. The informant believed defendant was selling marijuana from his apartment and saw marijuana sales from there. The informant witnessed lights and a

water pumping system in the apartment. The informant identified the plants as being marijuana from seeing marijuana before. The informant then stated that they might find a gun in a bedroom because defendant and his son pulled a gun on the informant. From Detective Johnson's and this informant's testimony, the judge found probable cause to issue the search warrant.

Upon execution of the warrant, the following was seized: 33 growing marijuana plants, 120.5 grams of marijuana in two clear plastic bags, 2.74 grams of crack cocaine in a clear plastic bag, 2.69 grams of more marijuana, and a .22 caliber pistol with five rounds of ammunition.

## DISCUSSION

I.  Defense Motion to Produce Warrant Application

Originally, this Court denied defendant's motion to produce the in camera materials (Docket No. 16, Order at 3) that the Court has now reviewed for the motion to suppress. Following that in camera review, defendant **should see transcripts with informant's name redacted**. Given the informant's testimony that defendant had pulled a gun on him, disclosing his identity at this time (by producing the unredacted transcript) may endanger the informant. From review of the in camera materials, the informant does not appear to be a participant in the criminal transaction and his testimony may only be partially favorable to defendant (stating that the marijuana plants were defendant's son's rather than defendant's). Following this in camera review, the balance made in the earlier Order (see id. at 4) between the public's interest in protecting the flow of information and the defendant's right to prepare his defense now tips somewhat in defendant's favor given the informant's partially helpful testimony, but not enough to jeopardize the informant by identifying him at this time, especially given that the Government has not indicated that it intends to call the informant as a witness. Thus, the appropriate balance

is achieved here by compelling production of the redacted transcript; defendant may learn the allegations that established probable cause for the search while preserving (for now) the identity of the informant.

II.     Necessity for Suppression Hearing

Defendant seeks a suppression hearing, asserting his standing to contest the search of the premises (Docket No. 20, Def. Atty. Affirm. at 1-2 & n.1, Ex. A (defendant's affidavit). Defendant has established he has standing to contest this search and an evidentiary hearing will be held , on the date and time indicated below.

## CONCLUSION

On defendant's motion to suppress evidence (Docket No. 20), the Government shall produce **a redacted version of the search warrant transcript and other warrant application materials with the name of the informant redacted** forthwith.  An evidentiary hearing will be held on **Thursday, October 20, 2011, at 10 am**, before the undersigned.

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 23, 2011