```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA,

                                                   **Hon. Hugh B. Scott**

          v.

                                                   10CR238A

                                                    **Order**

JOSE R. CACERES,

                  Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(c) (Docket No. 2). The instant matter before the Court is the defendant's motion (Docket No. 36) reconsidering the Report & Recommendation (Docket No. 35) issued in this case recommending denial of defendant's motion to suppress (see Docket No. 20). Familiarity with that Report is presumed.

The original defense motion to suppress was filed on April 11, 2011(Docket No. 20). The Government filed responding papers (Docket No. 27, Gov't Response (with exhibits), dated June 30, 2011; see also Docket No. 26, Government Response (without exhibits), dated June 20, 2011). The Court ordered the Government to produce in camera the notes and records of the Jamestown City Court Judge that issued the search warrant at issue here (Docket No. 28), and the Government produce those records on August 17, 2011. On September 23, 2011, this Court ordered the Government to produced to defendant a redacted version of the search warrant transcript and warrant application, redacting the name of the Government informant (Docket

No. 32). An evidentiary hearing was set for October 20, 2011 (id.), but not held. The Government argued then that a hearing was not necessary (see also Docket No. 33, Gov't Atty. Aff. ¶ 4) while defendant argued that he had not yet seen the in camera materials (text minute entry, Oct. 20, 2011), noting that defendant obtained the redacted version of the transcript on October 24, 2011 (Docket No. 36, Def. Atty. Affirm. at 1 n.1). The Government argued that this motion should be decided upon the search warrant, warrant application, and in camera testimony, that the warrant ultimately was issued by a neutral and detached magistrate (Docket No. 33, Gov't Atty. Aff. ¶¶ 5, 4).

This Court, without conducting an evidentiary hearing, rendered the Report, finding that, based on the totality of the circumstances presented in this case, there was probable cause to issue the search warrant (Docket No. 35, Report & Rec. at 6). The Report did not consider the Government's alternative argument for good faith reliance on the warrant under United States v. Leon, 468 U.S. 897 (1984) (id.) and found that the informant's information was not stale to vitiate the warrant (id. at 6-7).

The motion for reconsideration was argued on January 24, 2012, and that motion then was deemed submitted (Docket No. 38).

**BACKGROUND**

Defendant is charged with manufacture of marijuana, in violation of 21 U.S.C. §§ 841(a), (b)(1)(D), separate counts for possession of marijuana and cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), 844(a). He is also charged with using premises in Jamestown, New York, for the purpose of manufacturing and distributing marijuana, in violation of 21 U.S.C. § 856(a)(1). Defendant is also charged with possession of a firearm as a felon, in

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1). (Docket No. 1, Indict.)

On March 11, 2010, Judge John LaMancuso[1] of Jamestown City Court issued a search warrant for the upper apartment of 96 Water Street, Jamestown (Docket No. 20, Def. Atty. Affirm. at 4 & n.3, Exs. B, C). Later that day, officers from the Southern Tier Regional Drug Task Force executed a search warrant on the upper apartment of 96 Water Street, Jamestown, New York, defendant's residence. There, the officers recovered marijuana plants, plastic bags containing a substance later determined to be cocaine base, plastic baggies containing marijuana, a .22 caliber derringer with five rounds of ammunition, a grinder and digital scale. (Docket No. 13, Gov't Response at 1-2.)

*Motion to Suppress*

Defendant moved to suppress the search warrant issued by the Jamestown City Court to the Southern Tier Regional Drug Task Force and suppress all evidence flowing from that warrant (Docket No. 20, Def. Atty. Affirm. at 1) and sought a suppression hearing (id. at 1-2).

Defendant argues that a confidential informant was the only source of incriminating information to justify the warrant, without any investigation to corroborate the informant's information (id. at 5). There was no indication that contraband was purchased, sold, or used, or field tested (id.). He concludes that the totality of the circumstances did not support a finding of probable cause to issue a search warrant for the 96 Water Street upper apartment (id. at 6). No

---

[1]It is not clear from the signature on the search warrant, see Docket No. 27, Ex. 2, which Jamestown City Court Judge issued it. According to the transcript of the proceeding leading to the issuance of the warrant (reviewed in camera), City Judge George Panebianco presided.
   The Government refers to Judge LaMancuso as the issuing magistrate.

3

description of Jose R. Caceres was offered, there was no summary of the interior of the apartment, or any indication of how the informant came about this information or the informant's reliability (id. at 6-7). Since there was no indication as to when the informant came about his or her information, defendant argues that it is potentially stale and not sufficient basis for a search warrant (id. at 7-8).

The Government responds, first, that the search warrant was supported by probable cause, here based on the personal knowledge of the affiant police officer, Detective Daniel Johnson, and the oral testimony of Johnson and the confidential informant before the city court judge (Docket No. 27, Gov't Response at 4, Ex. 1). Alternatively, the Government argued that, if the warrant was not supported by probable cause, the officers executing it acted in good faith, see United States v. Leon, 468 U.S. 897 (1984) (id. at 5-8).

*In Camera Inspection of Warrant Application*

The application for the search warrant was based upon the personal knowledge of applicant Detective Dan Johnson and information obtained from a confidential informant who testified before the Jamestown City Court Judge (see Docket No. 27, Gov't Response at 2. Ex. 1; see also Docket No. 20, Def. Ex. B). Detective Johnson testified that an informant had given Johnson specific information about a large marijuana growing operation at defendant's residence, giving details about the height of the plants, the power supply, and irrigation. Detective Johnson also stated that he believed that this marijuana operation was part of defendant's son's operation and that the son had a pending prosecution in state court. Detective Johnson stated that the informant had come forward voluntarily. Johnson stated that he had not been in defendant's residence prior to executing the warrant, but the informant told Johnson that the informant had

been inside defendant's residence within two weeks of the application for the warrant and the informant saw the grow room there.

The judge then heard testimony from the informant. The informant knew who lived in the upper apartment, the defendant, and he observed defendant's son's plants growing there. The informant was in defendant's apartment about two weeks prior and saw 65-70 marijuana plants growing there, at about five-foot height. The informant believed defendant was selling marijuana from his apartment and saw marijuana sales from there. The informant witnessed lights and a water pumping system in the apartment. The informant identified the plants as being marijuana from seeing marijuana before. The informant then stated that they might find a gun in a bedroom because defendant and his son pulled a gun on the informant. From Detective Johnson's and this informant's testimony, the judge found probable cause to issue the search warrant.

Upon execution of the warrant, the following was seized: 33 growing marijuana plants, 120.5 grams of marijuana in two clear plastic bags, 2.74 grams of crack cocaine in a clear plastic bag, 2.69 grams of more marijuana, and a .22 caliber pistol with five rounds of ammunition.

*Defense Motion to Reconsider*

Defendant now reiterates his argument that an evidentiary hearing is necessary before this Court can consider his motion. He notes inconsistencies and points in the Government's contentions that are unreliable and unsupportable for a probable cause finding (Docket No. 36, Def. Atty. Affirm. at 2). It is unclear which City Court Judge, LaMancuso or Panebianco, conducted the interview and signed the warrant application (id.; see also Docket No. 35, Report & Rec. at 3 n.2; supra at 3 n.1), with the transcript referring to Judge Panebianco but the Government repeatedly stating that Judge LaMancuso conducted the interview and issued the

warrant (Docket No. 36, Def. Atty. Affirm. at 2-3). Even with reviewing the redacted copy of the transcript of that interview, defendant claims it was far from illuminating (id. at 3).

During that interview, the informant stated that the last time he was at 96 Water Street was two weeks before (id. at 3, citing Transcript of in camera Interview at 6, 8). Defendant accuses the informant of misleading that court by claiming that he was at defendant's residence the night before (id. at 4). Defendant notes that there is no confirmation of the informant's statements and his testimony is the sole basis for the search warrant (id. at 4). The City Court judge did not question the informant's veracity, basis of knowledge, connection with defendant, or his motivation to voluntarily testify (id.). There was no indication of contraband was bought, sold, used, or seized from that address (id.). Also, there was no description of either defendant (id. at 5) or the occupant of that property.

Defendant concludes that, from the totality of circumstances he outlined, there was not sufficient probable cause for issuance of a warrant (id. at 6). Defendant also renews his staleness argument (id. at 7), contending that this Court must make an independent assessment of whether the informant's information was stale, in particular determining the factual question of when the informant was last in defendant's residence (if ever) (id.). During oral argument on January 24, 2012, defendant said he needed to examine one to two witnesses in an evidentiary hearing.

At oral argument the Government objected to reconsideration and holding an evidentiary hearing, noting that this Court reviewed in camera the proceedings before the Jamestown City Court judge that lead to issuance of the search warrant. The Government also notes that, if the Report is reconsidered, its alternative argument under Leon needs to be addressed.

**DISCUSSION**

I.     Reconsideration Standards

The Federal Rules of Criminal Procedure lacks an express provision for reconsideration. Judge Larimer in another case held that the Magistrate Judge there had the "discretion to reconsider or reopen prior proceedings which precipitated" the Magistrate Judge's decision, United States v. Florack, 155 F.R.D. 49, 51 (W.D.N.Y. 1994). In Florack, the Government sought reconsideration (pursuant to then Federal Rule of Criminal Procedure 12(f)[2]) by Magistrate Judge Fisher of his refusal to allow the Government to argue an otherwise defaulted suppression motion, id. at 50-51; see id. at 51-52 (Report & Rec. of Fisher, Mag. J.). Judge Siragusa of this Court held in United States v. Amanuel, No. 05CR6075, 2006 WL 266560, at *1 (W.D.N.Y. Jan. 31, 2006), that the civil standard for reconsideration is applicable in criminal cases, that the standard for reconsideration is "strict" and reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," id. (internal quotations and citations omitted).

II.    Application

In the exercise of its discretion, this Court **grants reconsideration**. Discrepancies such as when informant was last in defendant's residence and which magistrate heard the search warrant application and made the probable cause determination, are issues that warrant a hearing.

By ordering a hearing, this Court leaves open the Government's alternative contention that the officers acted in good faith in relying upon the search warrant. The defendant questions

---

[2]Now, in part, Federal Rule of Criminal Procedure 12(e).

which magistrate actually issued the warrant. Implicitly included as an element of the Leon good faith exception is whether the warrant was issued by a detached and neutral magistrate; whether a magistrate was detached and neutral depends upon who that magistrate was and what connections (if any) they have with that case. Another issue under Leon is whether the affidavit and other application materials were "'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable,'" Leon, supra, 468 U.S. at 923 (quoting Brown v. Illinois, 422 U.S. 590, 610-11 (1975) (Powell, J., concurring in part). These facts also can be developed in an evidentiary hearing.

## CONCLUSION

On the defendant's motion to reconsider the Report & Recommendation (Docket No. 36; cf. Docket No. 35), that motion is **granted**.

An Evidentiary Hearing shall be held on **Friday, March 9, 2012, 2 pm**, before the undersigned.

SO ORDERED.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
February 23, 2012